UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOAN WADELTON,         )
         )
     Plaintiff,      )
         )
     v.         )    Case No. 1-11-cv-00049-BJR
         )
UNITED STATES OF AMERICA, )
         )
     Defendant.    )

## DECLARATION OF DANIEL M. HIRSCH

1. My name is Daniel Hirsch. I currently hold the position of State Vice President of the American Foreign Service Association (AFSA). I have held this position since July 2009.

2. I have been asked by counsel in the above referenced case to comment on the procedures for reconstituted selection boards for members of the Foreign Service.

3. AFSA and the Department of State have agreed to the procedures for reconstituted selection boards, and have modified the procedures at least once since their original agreement.

4. As noted in the attachments, dating back to 1995, the procedures for reconstituted selection boards have included the following requirements, among others: (1) Each reconstituted selection board reviews and ranks a minimum of eight files; in addition to the grievant's file, the files of the four persons immediately above the cut-off line for promotion and the three immediately below the cut-off line. (2) In order to be recommended for promotion, the grievant must be ranked among the top four within the reconstituted board's rank order list. AFSA believes the current procedures for reconstituted selection boards are fair to the grievant, the other members of the class, and do not impose an undue burden upon the Department and the employees who would be called to serve on reconstituted promotion boards. Attachment 1 and 2.

5. The requirement that the grievant be ranked among the top four on the rank order list has not changed since 1995.

6. AFSA believes that the reconstituted selection boards produce reasonable evidence to conclude that a grievant would not have been promoted but for any agency error.

2

7.  AFSA sees no reason to change the agreed upon procedure in a case involving a single grievant.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief

Daniel M. Hirsch

August 29, 2012



United States Department of State

*Washington, D.C.   20520*   #124
4/5/95
Todd

March 31, 1995

Mr. Todd Stewart
Vice President
American Foreign Service Association
Room 3644
Department of State
Washington, D.C.

Dear Mr. Stewart:

The Office of Performance Evaluation (PER/PE) and the
Grievance staff (PER/G) have been seeking ways to improve
our present procedure for convening Evidentiary Selection
Boards.  As a result, we propose to adopt procedures similar
to those implemented by USIA.

The amendment to our present Evidentiary Selection Board
procedures will be as follows:

The Competition Group(s)
Promotion Review:

    --For each competition group, the evidentiary board
shall review, in addition to the grievant's file, the files
of the **four** persons immediately above the cut-off line for
promotion and the three immediately below the cut-off line.
Thus, each board will consider a minimum of **eight** files.

For PER/PE and PER/G Staff:  **The grievant must be ranked
among the top four within the rank order list to receive
promotion.**

We are submitting the change to you for your review and
clearance.

Thank you for your cooperation.


ATTACHMENT 1

Attachment:
     Procedures for convening
       Evidentiary Selection Boards


Sincerely,

J. Curtis Struble
Director, Office of Performance
Evaluations, Bureau of Personnel

March 1991

## Procedures for Convening
## Evidentiary Selection Boards

### General

-- Membership:  The members of the evidentiary board are to be chosen on the same basis as the members of the original board, as prescribed by the precepts for that board.  Each board shall include at least one woman and one minority member and shall have a public member.  Individuals serving or who have served within the previous two years of the date the board is reconstituted or the date of the original board in PER, S/P, OIG, or S/EEOCR are not to be selected.  Persons who served as the rating or reviewing officer of the grievant while he/she was in present class (or class in the year under review, if different) shall not be selected for board membership.  Persons who served as members of the original selection board or of subsequent selection boards which reviewed the file in question shall not be selected for membership on the evidentiary board.

-- Precepts and Procedures:  To the maximum extent possible, except as provided herein, the evidentiary board is to observe the precepts and procedures for the original board.  This is to include, for example, any requirement in the precepts that the intermediate selection boards are to be informed as to which of the members being reviewed had been recommended for promotion by one or both of the previous two boards while serving in present class.  Members are to take the formal oath of office prescribed by the precepts of the original board.

### The Competition Group(s)

### Promotion Review:

-- For each competition group, the evidentiary board shall review, in addition to the grievant's file, the files of the three persons immediately above the cut-off line for promotion and the three immediately below the cut-off line.  Thus, each board will consider a minimum of seven files.

-- For boards which compete members in two competition groups, i.e. classwide and conal reviews, the evidentiary board shall consider the files of the three persons reached for promotion just above the cut-off line as well as the three persons immediately below that line for each of the two groups.  For such boards, the cut-off line for promotion shall be the line actually prescribed by the precepts to determine promotees.  As such, it may be a "redrawn" line to deal with the situation where the same person is initially reached for promotion in both competition groups.

-- For an evidentiary board which is reviewing files in
classwide and conal competitions in that order, to the basic
group of files in the classwide competition (i.e., three
above and three below the cut-off line) there shall be added
all those files being reviewed in the conal competition.

LCE Review:

The above rules concerning the competition groups for
promotion review pertain equally to LCE review with the
following additions.

-- Where there is a single promotion review and a
single LCE review (both classwide and in that order):  To
the promotion review, add all the files being reviewed for
an LCE.

-- Where there is a single promotion review (classwide)
and two reviews for LCE's (classwide and conal) and the
reviews are in that order with the promotion review
occurring first:  (1) For the classwide LCE competition, to
the basic group of files (i.e., three above and three below
the cut-off line) there shall be added all those files being
reviewed in the conal LCE competition.  (2) The promotion
competition group shall be augmented by all those files
being reviewed in the classwide LCE competition (as
augmented by the files from the conal LCE review).

-- Where there are two reviews for promotion and two
reviews for LCE (classwide and conal and in that order with
the promotion review occurring first):  (1) Augment the
classwide LCE group with the files from the conal LCE
group.  (2) Augment the conal promotion group with the files
of the classwide LCE group of the cone being reviewed.
(3) Augment the classwide promotion group with the files
from the conal promotion group (as augmented) and the files
from the classwide LCE group (as augmented).

The Decision Rule

-- The evidentiary board shall be instructed in each
case to rank order the files in each competition group
placed before it.

Meritorious Within-grade Increase (MSI) Recommendations

-- When the evidentiary board is requested to make
recommendations for meritorious within-grade increases in
addition to a single promotion review, the competition group
should be augmented by: (a)  The three files which were

- 3 -

originally recommended for MSIs and which were ranked lowest among those recommended for promotion, (b) Three files randomly selected from among those who were originally mid-ranked and were also originally recommended for MSIs (or as many as there are if there are less than three qualifying files), and (c) Three files randomly selected from among those who were originally mid-ranked and not recommended for MSIs.

-- When the evidentiary board is requested to make recommendations for MSIs but not for promotions (when the employee was not eligible for promotion, but was being or should have been specially reviewed with those employees to be considered for MSIs without regard to promotion), the competition group should consist of (a) Three files randomly selected from among those who were originally recommended for MSIs and (b) Three files randomly selected from among those who were not originally recommended for MSIs.

-- In these cases the evidentiary board shall be instructed to indicate which files they would recommend for MSIs, assuming no or a very limited number of promotions. They may or may not, as the precepts dictate, take into account the rank ordering they have completed if the employee was also being competed for promotion purposes.

## Performance Pay Recommendations

-- Evidentiary Performance Pay Boards shall review the three files ranked immediately above the cutoff line for each level of performance pay awarded by the original Performance Pay Board in the same competition group, and the three files ranked immediately below the cutoff line for the lowest level of performance pay awarded.

-- For example, if there were three levels of pay awarded by the original board, then the evidentiary board will review the three lowest ranked files in the highest group of awardees, the three lowest ranked files in the second highest group of awardees, the three lowest ranked files in the lowest group of awardees, and the three highest ranked files for which no award was given. In this example, there would be twelve files for review, in addition to those of any grievants (or others for whose benefit the board is being convened).

-- If there are fewer than three files in any of the above categories in which groups of three files are being assembled for review, then the evidentiary board will review

as many files as there are in that category.  The exception
is that if there are fewer than three files <u>ranked</u> below the
lowest award group, then the number of files available in
the group will be augmented from as many files as may be
necessary (to yield a total of three files) from the group
of <u>unranked</u> files eligible for consideration.  In such
cases, these additional files will be selected at random
from among the unranked files.

    --   The decision rule in these cases will be the same as
in the case of promotion or LCE review:  the evidentiary
board shall be instructed to rank order the files according
to the precepts of the original board.



**American Foreign Service Association**
2101 E Street NW  Washington, DC 20037  (202) 338-4045

May 26, 1995

Mr. William Struck, Chief
Labor Management Negotiator
Department of State

Dear Mr. Struck:

    Our apologies for the delay in responding to Mr. Struble's March 31, 1995 letter concerning amendment to the Evidentiary Selection Board procedures.  AFSA concurs in the Department's proposed changes.

Sincerely,

John Todd Stewart
State Vice President

ATTACHMENT 2